# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-3622

———————————————

James A. Holliday

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction (originally named as Ray Hobbs)

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

——————————

Submitted: February 18, 2016
Filed: February 24, 2016
[Unpublished]

——————————

Before MURPHY, ARNOLD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Arkansas prisoner James Holliday seeks to appeal following the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely, and denying a certificate of appealability (COA). We conclude that reasonable jurists would find debatable the correctness of the district court's ruling, and whether the petition states a valid claim.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (COA requirements). We therefore grant Holliday's motion to proceed in forma pauperis, and we grant his request for a COA. For the following reasons, we also reverse the dismissal.

Holliday was convicted of the rape and sexual assault of his granddaughter. The victim's testimony included that Holliday had vaginal intercourse with her. The victim also admitted that she had recanted her story more than once, and that she had frequently lied in the past. See Holliday v. State, 2010 Ark. App. 705 (Ark. Ct. App. 2010). After seeking relief in the Arkansas state courts, Holliday brought this section 2254 petition. In his petition, he asserted a claim of "actual innocence," supported by the allegation that a "DNA Test Rape Kit" existed which showed that the victim was still a virgin, and demonstrated that he did not rape her. He further claimed that the state prosecutor introduced the victim's testimony, knowing it to be false. With regard to his petition's timeliness, he again reiterated that he was actually innocent of the charges, alleging that his granddaughter, whom he had adopted, had lied about the assault and rape in order to be able to move back to her mother's home, a more permissive environment.

Following the State's response, the district court dismissed the petition, concluding that it was time-barred, that Holliday's claims other than actual innocence were procedurally defaulted, and that his allegations were insufficient to meet the actual-innocence standard for overcoming procedural default and untimeliness. We find that the district court correctly concluded that Holliday's section 2254 petition was untimely, as he did not file it, or any state proceeding that would toll the limitations period, within one year of the date his conviction became final. See 28 U.S.C. § 2244(d) (limitations period and tolling provisions).

We conclude, however, that Holliday's allegation that a DNA rape kit exists which would exonerate him might allow him to pursue his section 2254 petition notwithstanding its untimeliness, and might also excuse any procedural default. First,

-2-

giving Holliday's pro se petition the benefit of liberal construction, his allegation can fairly be read to suggest that the DNA rape kit is evidence about which Holliday was previously unaware. The record is simply insufficient to reveal when Holliday learned about the DNA rape kit, and whether he was diligent in pursuing habeas relief once he became aware of it. Second, such evidence could support a conclusion that it is more likely than not that no reasonable juror would have convicted Holliday. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1935 (2013) (new evidence of actual innocence may serve as gateway through which to overcome both procedural bar and limitations bar on initial federal habeas action; to establish gateway, petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have voted to convict him).

Because questions remain as to when Holliday discovered the existence of the DNA rape kit, and what the effect of this evidence would have been on a reasonable juror, considering all the evidence at trial, see House v. Bell, 547 U.S. 518, 538 (2006) (describing assessment district court must make), we conclude that it is possible that Holliday can meet the actual-innocence gateway to overcome untimeliness and procedural default. We further conclude that his habeas petition asserts a valid constitutional claim that the state prosecutor introduced the victim's testimony, knowing it to be false.[1] Accordingly, we vacate the district court's dismissal of Holliday's section 2254 petition, and we remand for the district court to determine in the first instance when Holliday learned of the DNA rape kit, and the likely effect of the evidence on a reasonable juror.

_____

[1]Because the dismissal was based on procedural grounds, the district court never addressed the merits of this claim. We will not attempt to consider whether Holliday can make a showing of constitutional error which would warrant habeas relief. See Slack, 529 U.S. at 485 (noting that because only procedural matters were addressed, Court would not address merits of constitutional claim; matter would need to be addressed in further proceedings after remand).